Case 3:05-cr-00519-JEG-TJS    Document 26    Filed 10/28/2005    Page 1 of 6

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

SOUTHERN District of IOWA

UNITED STATES OF AMERICA
v.
Willie Earl Roland

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 05-519
USM Number: 11550-026

Kevin Ray Cmelik
Defendant's Attorney

FILED MAR 23 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**THE DEFENDANT:**

X  pleaded guilty to count(s)  One

☐  pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☐  was found guilty on count(s) _____
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:751(a) | Escape from Custody | 2-16-05 | One |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s) _____

☐ Count(s) _____  ☐ is  ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 24, 2005
Date of Imposition of Judgment

s/ Judge
Signature of Judge

James E. Gritzner, U.S. District Judge
Name and Title of Judge

October 25, 2005
Date

I DO HEREBY ATTEST AND CERTIFY THAT THIS IS A TRUE AND FULL COPY OF THE ORIGINAL.
DATE: 3/20/07
s/CLERK
DEPUTY CLERK

Case 3:05-cr-00519-JEG-TJS    Document 26    Filed 10/28/2005    Page 2 of 6

AO 245B (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

DEFENDANT: Willie Earl Roland
CASE NUMBER: 05-519

Judgment — Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 12 months and one day on Count 1.

☐ The court makes the following recommendations to the Bureau of Prisons:

X  The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page 3 of 6

DEFENDANT: Willie Earl Roland
CASE NUMBER: 05-519

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: Three years.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 3:05-cr-00519-JEG-TJS   Document 26   Filed 10/28/2005   Page 4 of 6

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 4 of 6

DEFENDANT: Willie Earl Roland
CASE NUMBER: 05-519

## ADDITIONAL SUPERVISED RELEASE TERMS

You shall participate in a program of testing and treatment for substance abuse, as directed by the Probation Officer, until such time as you are released from the program by the Probation Office. You shall not use alcohol and/or other intoxicants during and after the course of treatment.

You shall work only at employment approved by the U. S. Probation Office. You shall consult the U. S. Probation Office prior to any changes in employment. You shall not terminate any employment without prior approval from the U. S. Probation Office.

You shall not patronize business establishments where more than fifty percent of the revenue is derived from the sale of alcoholic beverages.

Case 3:05-cr-00519-JEG-TJS    Document 26    Filed 10/28/2005    Page 5 of 6

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 4 — Criminal Monetary Penalties

Judgment — Page 5 of 6

**DEFENDANT:** Willie Earl Roland
**CASE NUMBER:** 05-519

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100 | $ 0 | $ 0 |

☐ The determination of restitution is deferred _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

**TOTALS** $ _____ $ _____

☐ Restitution amount ordered pursuant to plea _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for    ☐ fin    ☐ restitution.

   ☐ the interest requirement for    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 3:05-cr-00519-JEG-TJS    Document 26    Filed 10/28/2005    Page 6 of 6

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 — Schedule of Payments

Judgment — Page 6 of 6

DEFENDANT: Willie Earl Roland
CASE NUMBER: 05-519

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties

A  x  Lump sum payment of $ 100 due immediately, balance due

    ☐ not later than _____ , or
    ☒ in accordance    ☐ C,  ☐ D,  ☐ E, or  ☒ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:

All criminal monetary payments are to be made to the Clerk's Office, U.S. District Court, P.O. Box 9344, Des Moines, Iowa 50306-9344.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

RECEIVED
MAR 1 7 2005
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 05-519 |
| | ) | |
| v. | ) | |
| | ) | INDICTMENT |
| WILLIE EARL ROLAND, | ) | T. 18, U.S.C., § 751(a) |
| | ) | |
| Defendant. | ) | |

**THE GRAND JURY CHARGES:**

**COUNT 1**
**(Escape from Federal Custody)**

On or about January 9, 2005, in Scott County in the Southern District of Iowa, the defendant, WILLIE EARL ROLAND, did knowingly escape from federal custody at the Davenport Work Release Center, an institutional facility in which he was lawfully confined at the direction of the Attorney General by virtue of a judgment and commitment of the United States District Court for the Central District of Illinois, upon conviction for possession with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), a felony offense.

This is a violation of Title 18, United States Code, Section 751(a).

A TRUE BILL.

/s/
FOREPERSON

Matthew G. Whitaker
United States Attorney

By: /s/ Richard D. Westphal
Richard D. Westphal
Assistant United States Attorney

I DO HEREBY ATTEST AND CERTIFY THAT THIS IS A TRUE AND FULL COPY OF THE ORIGINAL.
DATE: 3/20/07
MARJORIE E. KRAHN
CLERK, U.S. DISTRICT COURT
BY: /s/ clerk
DEPUTY CLERK

AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

**SOUTHERN** DISTRICT OF **IOWA**

RECEIVED
JAN 1 3 2005
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

UNITED STATES OF AMERICA

V.

WILLIE EARL ROLAND,

**CRIMINAL COMPLAINT**

CASE NUMBER: 3:05-MJ-501

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

On or about January 9, 2005, in Scott County, in the Southern District of Iowa, the defendant, WILLIE EARL ROLAND, did knowingly escape from federal custody at the Davenport Work Release Center, an institutional facility in which he was lawfully confined at the direction of the Attorney General by virtue of a judgment and commitment of the United States District Court for the Central District of Illinois, upon conviction for possession with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), a felony offense.

This is a violation of Title 18, United States Code, Section 751(a).

I further state that I am a Deputy United States Marshal and that this Complaint is based on the following facts:

See Affidavit attached and incorporated hereto.

Continued on the attached sheet and made a part hereof:   ☒ Yes  ☐ No

s/Agent
_____
Scott Shepherd, Deputy U.S. Marshal
United States Marshal Service

Sworn to before me and subscribed in my presence,

January 13, 2005                              at        Rock Island, Illinois
Date                                                    City and State

Thomas J. Shields, U.S. Magistrate Judge
Southern District of Iowa
Name & Title of Judicial Officer                        Signature of Judicial Officer

I HEREBY ATTEST AND CERTIFY THAT
THIS IS A TRUE AND FULL COPY OF THE
ORIGINAL.
DATE: 3/20/07
MARJORIE E. KRAHN
CLERK, U.S. DISTRICT COURT
BY  s/Clerk
         DEPUTY CLERK

Case 3:05-cr-00519-JEG-TJS    Document 1    Filed 01/13/2005    Page 2 of 4

## AFFIDAVIT

UNITED STATES OF AMERICA    )
                             )ss
SOUTHERN DISTRICT OF IOWA    )

I, Scott Shepherd, being duly sworn state and depose as follows:

1. I am a Deputy United States Marshal with the United States Marshal Service for the Southern District of Iowa. As part of my duties, I am assigned to locate and arrest individuals who are deemed fugitives or escapees under federal law.

2. Affiant is aware that pursuant to Title 18, United States Code, §§ 4041 and 4042 the Bureau of Prisons is an authorized representative of the United States Attorney General.

3. On April 5, 1999, a judgment was entered by the United States District Court for the Central District of Illinois, ordering that WILLIE EARL ROLAND be committed to the custody of the United States Bureau of Prisons to serve a sentence of 90 months imprisonment. ROLAND was sentenced after being convicted for possession with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), a felony under federal law.

3. On or about September 27, 2004, WILLIE EARL ROLAND, was transferred to serve the remainder of his sentence, pursuant to the authority delegated to the Bureau of Prisons, to the Work Release Center (WRC) in Davenport, Scott County, Iowa. ROLAND's projected release date was March 27, 2005.

4. On January 9, 2005 at approximately 10:22 a.m., ROLAND checked out of the WRC pursuant to a furlough. ROLAND was scheduled to return at 9:00 p.m. that

Page 1 of 3

same day. At approximately 1:19 p.m., ROLAND called the WRC and informed a WRC Residential Officer (RO) Lopez that he was going to the Texas Roadhouse Restaurant. At approximately 4:46 p.m., ROLAND again called and informed RO Couch that he was at the Texas Roadhouse Restaurant. RO Aleksiejczyk arrived at the Texas Roadhouse at 4:46 p.m., conducted a furlough check and reported that ROLAND was not present. At 9:00 p.m., ROLAND had not returned to the WRC.

5. A review of the actual furlough paperwork for ROLAND found that the counselor's name had been forged.

6. As of January 11, 2005, ROLAND still had not returned to the WRC.

7. Affiant obtained information that departure from the WRC is permitted only by authorization, which can be given for a specific purpose for a specific period of time. Absence from the facility without express authorization is classified as escape status by the WRC.

8. Based on the facts anc circumstances outlined above, the affiant believes that WILLIE EARL ROLAND knowingly and intentionally left federal custody from the WRC in Davenport, Iowa, and that he has therefore left said facility without authorization and there is probable cause to believe a violation of 18 U.S.C. § 751(a) has occurred.

9. The information contained in this affidavit is based on my personal interview with representatives of the U.S. Bureau of Prisons as well as review of incident and investigative reports prepared in connection with this matter. Based thereon, all of the information contained herein is true and correct to the best of my knowledge, information and belief.

s/Agent
Scott Shepherd, Deputy U.S. Marshal
United States Marshal Service

Sworn to and subscribed in my presence this __13__ day of January, 2005.

s/Magistrate Judge
Thomas J. Shields
U.S. Magistrate Judge

Page 3 of 3

Case 3:05-cr-00519-JEG-TJS    Document 30    Filed 03/20/2007    Page 1 of 1

| Prob 22 (2/98) | TRANSFER OF JURISDICTION | | DOCKET NUMBER (Tran Court) 0863 3:05CR00519-001 |
|---|---|---|---|
| | | 07 MAR 20 AM 8:48 | DOCKET NUMBER (Rec Court) 07-40023 |
| NAME AND ADDRESS OF PROBATION/SUPERVISED RELEASEE: Willie Roland | | DISTRICT OF IA Southern District Iowa | DIVISION United States Probation Office |
| | | NAME OF SENTENCING JUDGE James E. Gritzner U. S. District Judge | |
| | | DATES OF PROB/TSR RELEASE | FROM 4/10/2006 | TO 4/9/2009 |
| OFFENSE 18:751(a) - Escape from Custody | | FILED MAR 14 2007 JOHN M. WATERS, Clerk U.S. DISTRICT COURT CENTRAL DISTRICT OF ILLINOIS | |

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE **SOUTHERN DISTRICT OF IOWA**

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the **Central District of Illinois** upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

March 8, 2007
Date

s/ Judge
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE **CENTRAL DISTRICT OF ILLINOIS**

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

3/14/07
Date

s/Joe B. McDade
United States District Judge

| Crime Victims Report - Willie Earl Roland - 05-519 | | | | | | |
|---|---|---|---|---|---|---|
| Date | Description | Ref. No. | Amount | Disbursed | Running Balance | Tran Type |
| 10/25/2005 | Begining Balance | | $100.00 | | $100.00 | Begining Bal. |

He has not made any payments toward his $100 Crime Victims Fund. Please contact me if you have questions.

Lori M.
515-323-2861

TERMED

# U.S. District Court
## United States District Court for the Southern District of Iowa (Davenport)
## CRIMINAL DOCKET FOR CASE #: 3:05-cr-00519-JEG-TJS All Defendants
### Internal Use Only

Case title: USA v. Roland  
Magistrate judge case number: 3:05-mj-00501-TJS

Date Filed: 03/14/2005  
Date Terminated: 10/28/2005

Assigned to: Judge James E. Gritzner  
Referred to: Magistrate Judge Thomas J. Shields

**Defendant**

**Willie Earl Roland** (1)  
*TERMINATED: 10/28/2005*

represented by **Kevin Ray Cmelik**  
FEDERAL PUBLIC DEFENDER  
101 W Second Street  
Suite 401  
Davenport, IA 52801  
563 322 8931  
Fax: 563 383 0052  
Email: kevin_cmelik@fd.org  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*  
Designation: Public Defender or Community Defender Appointment

**Terence L McAtee**  
IOWA FEDERAL PUBLIC DEFENDER  
101 W 2ND ST  
STE 401  
DAVENPORT, IA 52801-1815  
563-322-8931  
Fax: 563-383-0052  
Email: terry_mcatee@fd.org  
*TERMINATED: 04/26/2005*  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*  
Designation: Public Defender or Community Defender Appointment

I DO HEREBY ATTEST AND CERTIFY THAT THIS IS A TRUE AND FULL COPY OF THE ORIGINAL.  
DATE: 3/20/07  
MARJORIE E. KRAHN  
CLERK, U.S. DISTRICT COURT  
BY: s/CLERK  
DEPUTY CLERK

**Pending Counts**  
PRISONER IN CUSTODY OF INSTITUTION OR OFFICER  
18:751(a)Escape from Federal Custody

**Disposition**  
Def sentenced to a term of incarceration of 12 months and 1 day on Count 1 in the custody of the BOP. Upon release from

|     |                                                                                                                                                                                                                  |
| --- | ---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
| (1) | prison, Def shall serve a term of 36 months supervised release on Count 1. Def shall pay an assessment of $100 to the criminal victim's assistance fund. Def remanded to USMS custody. |

**Highest Offense Level (Opening)**
Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**
None

| **Complaints** | **Disposition** |
| --- | --- |
| 18:751(a) Escape | |

**Plaintiff**

| | | |
| --- | --- | --- |
| USA | represented by | Richard D Westphal<br>U S Attorney's Office<br>U.S. Courthouse<br>Suite 310<br>131 East 4th Street<br>Davenport, IA 52801<br>563-884-7700<br>Fax: 563-884-7701<br>Email: Rich.Westphal@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 03/20/2007 | 30 | Supervised Release Jurisdiction Transferred to Central District of Illinois as to Willie Earl Roland Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment, docket sheet, and statement of account. (Attachments: # 1 letter) (don, ) (Entered: 03/20/2007) |
| 03/15/2006 | 29 | Judgment Returned Executed as to Willie Earl Roland on 3/10/06. Defendant committed to FCI Florence, Co. (jl ) (Entered: 03/17/2006) |
| 11/09/2005 | 28 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Willie Earl Roland (lom) (Entered: 11/09/2005) |
| 10/28/2005 | 27 | Sealed Document(amn) (Entered: 10/28/2005) |

| | | |
|---|---|---|
| 10/28/2005 | 26 | JUDGMENT as to Willie Earl Roland. Def sentenced to a term of incarceration of 12 months plus 1 day on Count 1 in the custody of the BOP. Upon release from prison, Def shall serve a term of 36 months supervised release on Count 1. Def shall pay an assessment of $100 to the criminal victim's assistance fund. Def remanded to USMS custody. Entered by James E. Gritzner [Judgment imposed on 10/24/2005, signed 10/25/2005, filed 10/28/2005] (amn) Modified on 10/31/2005 OJ-325-74 (don, ). (Entered: 10/28/2005) |
| 10/24/2005 | 25 | Minute Entry for proceedings held before Judge James E. Gritzner: Sentencing held on 10/24/2005 for Willie Earl Roland. Def sentenced to a term of incarceration of 12 months and 1 day on Count 1 in the custody of the BOP. Upon release from prison, Def shall serve a term of 36 months supervised release on Count 1. Def shall pay an assessment of $100 to the criminal victim's assistance fund. Def remanded to USMS custody. (Court Reporter Terri Martin.) (amn) Additional attachment(s) added on 10/28/2005 (amn, ). Modified on 10/31/2005 (kb) changed date filed to 10/24/05. (Entered: 10/28/2005) |
| 09/13/2005 | 24 | Text Minute Entry for proceedings held before Judge Thomas J. Shields : Status Conference as to Willie Earl Roland held on 9/13/2005. The parties has advised the Court this case is ready for sentencing. Court sets sentencing for 10/24/2005 02:30 PM before Judge James E. Gritzner. (Court Reporter None.)(Time:8:40am-8:41am) (bp, ) (Entered: 09/13/2005) |
| 09/13/2005 |  | Judge update in case as to Willie Earl Roland. Judge James E. Gritzner added. Judge Unassigned no longer assigned to case. (bp, ) (Entered: 09/13/2005) |
| 08/30/2005 |  | Reset Hearings as to Willie Earl Roland: Status Conference reset from 9/1/05 to 9/13/2005 08:30 AM before Magistrate Judge Thomas J. Shields. (rmj) (Entered: 08/30/2005) |
| 08/11/2005 |  | Reset Hearings as to Willie Earl Roland: Status Conference reset from 8/12/05 to 9/1/2005 08:30 AM before Magistrate Judge Thomas J. Shields. (rmj) (Entered: 08/11/2005) |
| 05/31/2005 | 23 | TEXT ORDER adopting Report and Recommendations re 21 Plea of Guilty as to Willie Earl Roland (1). There has been no timely objection to the Report and Recommendation of the United States Magistrate Judge recommending that the guilty plea of Defendant be accepted. Therefore, pursuant to the provisions of 28 U.S.C. Section 636(b)(1), the Defendant's plea of 05/13/2005 is now accepted. Entered by Judge James E. Gritzner on 5/31/2005. (nlh) (Entered: 05/31/2005) |
| 05/13/2005 | 22 | MOTIONS REFERRAL - NO DOCUMENT - as to Willie Earl Roland REFERRED to Judge Gritzner. 21 REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY as to Willie Earl Roland by Thomas J. Shields. (rmj) (Entered: 05/13/2005) |
| 05/13/2005 | 21 | REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY as to Willie Earl Roland by Thomas J. Shields to Judge Gritzner. Objections to R&R due by 5/27/2005. Entered by Thomas J. Shields on 5/13/2005. (rmj) (Entered: 05/13/2005) |

| | | |
|---|---|---|
| 05/13/2005 | 20 | NOTICE AND CONSENT RE ENTRY OF PLEA OF GUILTY before Magistrate Judge by Willie Earl Roland, USA (rmj) (Entered: 05/13/2005) |
| 05/13/2005 | 19 | Minute Entry for proceedings held before Judge Thomas J. Shields: Change of Plea Hearing as to Willie Earl Roland held on 5/13/2005. Status Conference set for 8/12/2005 08:40 AM before Magistrate Judge Thomas J. Shields. (Court Reporter Heidi Weston.) (rmj) (Entered: 05/13/2005) |
| 05/13/2005 | | Set/Reset Hearings as to Willie Earl Roland: Change of Plea Hearing set for 5/13/2005 02:00 PM before Magistrate Judge Thomas J. Shields. (sk, ) (Entered: 05/13/2005) |
| 05/12/2005 | | Reset Hearings as to Willie Earl Roland: Change of Plea Hearing set for 5/13/2005 02:00 PM before Magistrate Judge Thomas J. Shields. Change date, wrong date was entered. (bp, ) (Entered: 05/12/2005) |
| 05/11/2005 | | Set Hearing as to Willie Earl Roland: Change of Plea Hearing set for 5/12/2005 02:00 PM before Magistrate Judge Thomas J. Shields. Counsel for defendant called Judge Shields' chambers, requesting a plea date. (bp, ) (Entered: 05/11/2005) |
| 05/03/2005 | | Reset Hearing as to Willie Earl Roland: Pretrial Conference set for 5/11/2005 09:00 AM before Magistrate Judge Thomas J. Shields. Wrong date was given, per Judge Shields. (bp, ) (Entered: 05/03/2005) |
| 04/01/2005 | 18 | NOTICE OF ATTORNEY APPEARANCE: Kevin Ray Cmelik appearing for Willie Earl Roland (Cmelik, Kevin) (Entered: 04/01/2005) |
| 03/28/2005 | 17 | TEXT ORDER SETTING TRIAL as to Willie Earl Roland Jury Trial set for 5/23/2005 09:00 AM before Judge Unassigned. Discovery due by 4/11/2005.Reciprocal Discovery due by 4/25/2005. Motions due by 5/6/2005. Pretrial Conference set for 5/10/2005 09:00 AM before Magistrate Judge Thomas J. Shields. Trial Notification due by 5/16/2005. Entered by Rob Raker, Acting Clerk on 03/28/05. (bp, ) (Entered: 03/28/2005) |
| 03/28/2005 | 16 | Minute Entry for proceedings held before Judge Thomas J. Shields : Arraignment as to Willie Earl Roland (1) Count 1 held on 3/28/2005. (Tape #259 (3275-3420.)(Time:9:29am-9:34am) (bp, ) (Entered: 03/28/2005) |
| 03/17/2005 | 15 | Minute Entry for proceedings held before Judge Thomas J. Shields : Grand Jury Presentment as to Willie Earl Roland held on 3/17/2005 Not Secret, Letter to issue, Gov. requested Detention (Court Reporter None.) (ld, ) (Entered: 03/18/2005) |
| 03/17/2005 | | Judge update in case as to Willie Earl Roland. Judge Unassigned and Thomas J. Shields added. (sk, ) (Entered: 03/17/2005) |
| 03/17/2005 | | Case unsealed as to Willie Earl Roland (sk, ) (Entered: 03/17/2005) |
| 03/17/2005 | 14 | **ERROR; redocketed at Doc. #15 to obtain NEF and attach image***Minute Entry for proceedings held before Judge Thomas J. Shields :Grand Jury Presentment as to Willie Earl Roland held on 3/17/2005 Not Secret, Letter to issue, Gov. requested Detention (sk, ) Modified on 3/18/2005 to indicate error and redocketing at Doc. #15 attach image and obtain NEF (ld, ). (Entered: 03/17/2005) |

| 03/17/2005 | 13 | REDACTION (Redacted Indictment) by USA as to Willie Earl Roland (sk, ) (Entered: 03/17/2005) |
| --- | --- | --- |
| 03/17/2005 | 12 | *SEALED* SEALED INDICTMENT as to Willie Earl Roland (1) count(s) 1. (sk, ) (Entered: 03/17/2005) |
| 03/07/2005 | 10 | CJA 23 Financial Affidavit by Willie Earl Roland (bp, ) [3:05-mj-00501-TJS] (Entered: 03/07/2005) |
| 03/04/2005 | 11 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Willie Earl Roland . Entered by Thomas J. Shields on 03/02/05. (bp, ) [3:05-mj-00501-TJS] (Entered: 03/07/2005) |
| 02/23/2005 | 8 | ORDER OF DETENTION as to Willie Earl Roland . Entered by Thomas J. Shields on 02/23/05. (bp, ) [3:05-mj-00501-TJS] (Entered: 02/24/2005) |
| 02/22/2005 | 7 | Minute Entry for proceedings held before Judge Thomas J. Shields : Preliminary Examination as to Willie Earl Roland held on 2/22/2005. (Court Reporter Linda Egbers.)(Time: 10:03am-10:09am) (bp, ) [3:05-mj-00501-TJS] (Entered: 02/23/2005) |
| 02/22/2005 | 6 | Minute Entry for proceedings held before Judge Thomas J. Shields : Detention Hearing as to Willie Earl Roland held on 2/22/2005. (Court Reporter Linda Egbers.)(Time: 10:03am-10:09am) (bp, ) [3:05-mj-00501-TJS] (Entered: 02/23/2005) |
| 02/22/2005 | 5 | NOTICE AND CONSENT RE PLACE OF HOLDING COURT by Willie Earl Roland (bp, ) [3:05-mj-00501-TJS] (Entered: 02/23/2005) |
| 02/22/2005 | 4 | NOTICE AND CONSENT RE PLACE OF HOLDING COURT by USA as to Willie Earl Roland (bp, ) [3:05-mj-00501-TJS] (Entered: 02/23/2005) |
| 02/18/2005 | 9 | Warrant of Arrest Returned Executed on 2/16/05. as to Willie Earl Roland. (fm, ) [3:05-mj-00501-TJS] (Entered: 02/24/2005) |
| 02/16/2005 | 3 | Minute Entry for proceedings held before Judge Thomas J. Shields : Initial Appearance as to Defendant Willie Earl Roland held on 2/16/2005 Attorney Terence McAtee for defendant Detention Hearing set for 2/22/2005 09:30 AM before Magistrate Judge Thomas J. Shields. Preliminary Examination set for 2/22/2005 09:30 AM before Magistrate Judge Thomas J. Shields. (Tape #260 (3620-3798.)(Time: 12:21pm-12:26pm) (bp, ) [3:05-mj-00501-TJS] (Entered: 02/16/2005) |
| 02/16/2005 |  | Case unsealed as to Willie Earl Roland (bp, ) [3:05-mj-00501-TJS] (Entered: 02/16/2005) |
| 02/01/2005 |  | Judge update in case as to Willie Earl Roland. Judge Thomas J. Shields added. (kb) [3:05-mj-00501-TJS] (Entered: 02/01/2005) |
| 01/13/2005 | 1 | SEALED COMPLAINT by USA, signed by Thomas J. Shields as to Willie Earl Roland (1). (fm, ) [3:05-mj-00501-TJS] (Entered: 01/18/2005) |