E-FILED
Tuesday, 03 July, 2007 11:07:37 AM
Clerk, U.S. District Court, ILCD

CD/IL (Rev 01/01/01)

United States District Court

for

**CENTRAL DISTRICT OF ILLINOIS**

**VIOLATION REPORT**

**OFFENDER:** Willie Earl Roland
Mercer County Jail
906 SW Third Street
Aledo, IL 61231

**CASE NUMBERS:** 98-40053-001
07-40023-001

**SENTENCING JUDICIAL OFFICER:**  Case No. 98-40053-001:
Honorable Joe Billy McDade
U.S. District Court Judge
Central District of Illinois

Case No. 07-40023-001:
Honorable James E. Gritzner
U.S. District Court Judge
Southern District of Iowa

**ORIGINAL SENTENCE DATE:**  Case No. 98-40053-001:
04/05/99
Case No. 07-40023-001:
10/24/05

**ORIGINAL OFFENSE:**  Case No. 98-40053-001:
Possession with Intent to Distribute Cocaine Base (Crack)

Case No. 07-40023-001:
Escape from Custody

Re: ROLAND, Willie Earl

|  |  |
|---|---|
| **ORIGINAL SENTENCE:** | Case No. 98-40053-001:<br>90 months custody, 5 years supervised release with special conditions: 1) participate in substance abuse testing and treatment as directed and refrain from any alcohol use; and 2) no firearms, ammunition or dangerous weapons.<br><br>Case No. 07-40023-001:<br>12 months and 1 day custody, 3 years supervised release with special conditions: 1) participate in substance abuse testing and treatment as directed and refrain from any alcohol use; 2) be employed only at employment approved by the U.S. Probation Office and not terminate employment without prior approval from the U.S. Probation Office; and 3) not patronize any business where more than fifty percent of the revenue is derived from the sale of alcoholic beverages. |
| **TYPE OF SUPERVISION:** | Case No. 98-40053-001 and Case No. 07-40023-001:<br>Supervised Release |
| **DATE SUPERVISION COMMENCED:** | Case No. 98-40053-001 and Case No. 07-40023-001:<br>04/10/06 |
| **DATE PETITION FOR WARRANT/SUMMONS FILED:** | Case No. 98-40053-001:<br>01/22/07<br>Case No. 07-40023-001:<br>03/19/07 |

Re: ROLAND, Willie Earl

| | |
|---|---|
| **CUSTODY STATUS:** | Case No. 98-40053-001 and Case No. 07-40023-001: Detained |
| **ASSISTANT U.S. ATTORNEY:** | John Mehochko |
| **DEFENSE ATTORNEY:** | Herbert F. Schultz, Jr. |
| **DATE REPORT PREPARED:** | 03/19/07 |
| **MANDATORY REVOCATION:** | Yes |



**PART A.   NATURE OF NON-COMPLIANCE**

1. **Violations:** On January 22, 2007, a Petition for Warrant or Summons for Offender Under Supervision was filed in Case No. 98-40053-001. On March 19, 2007, a Petition for Warrant or Summons for Offender Under Supervision was filed in Case No. 07-40023-001. Both petitions allege the same violations. It is alleged that offender Roland committed a new law violation on January 18, 2007, being escape from custody. It is alleged that or about October 24, November 26, and December 6, 2006, offender Roland committed new law violations in that he possessed marijuana as determined by Kroll Laboratory Specialists.

2. It is further alleged that by August 5, September 5, October 5, November 5, and December 5, 2006, and January 5, 2007, offender Roland failed to submit monthly supervision report forms to the U.S. Probation Office and that offender Roland failed to report to the U.S. Probation Office as directed on May 5 and June 29, 2006.

3. The petitions also allege that offender Roland failed to submit to drug testing at Riverside, Rock Island, Illinois, as directed on December 5, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 25, 28 and 29, 2006. They further allege that

Re: ROLAND, Willie Earl

    offender Roland failed to attend required substance abuse treatment sessions on November 7, 9, 10, 13, 16 and 17; and December 1, 4, 5, 8, 11, 12, 14, 15, 18, 19, 21 and 22, 2006. On December 22, 2006, offender Roland was discharged from the Substance Abuse Treatment Program at Riverside, Rock Island, Illinois, due to non-attendance.

4. On February 20, 2001, offender Roland was arrested on the warrant. On November 22, 2006, he appeared before Chief U.S. Magistrate Judge Thomas J. Shields and was ordered detained pending a revocation hearing. A supervised release revocation hearing has been set for April 5, 2007, before U.S. District Judge Joe Billy McDade in Rock Island.

**PART B.    SENTENCING OPTIONS**

5. **Statutory Provisions:  Case No. 98-40053-001: The offender is subject to a maximum term of imprisonment of 5 years upon revocation of supervised release.**  18 U.S.C. § 3583(e)(3). (The original offense is a Class A felony.  18 U.S.C. § 3559(a)(3).)

6. **Statutory Provisions:  Case No. 07-40023-001: The offender is subject to a maximum term of imprisonment of 2 years upon revocation of supervised release.**  18 U.S.C. § 3583(e)(3). (The original offense is a Class D felony.  18 U.S.C. § 3559(a)(3).)

7. **The authorized term of supervised release in Case No. 98-40053-001, a Class A felony, is 5 years to life.**  21 U.S.C. § 841 (b)(1)(B). **The authorized term of supervised release in Case No. 07-40023-001, a Class D felony, is not more than 3 years.**  18 U.S.C. § 3583(b)(2).

8. When a term of supervised release is revoked and the offender is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3), the court may include a requirement that the offender be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h) and U.S.S.G. § 7B1.3(g)(2).

4

Re: ROLAND, Willie Earl

9.  If the offender is found to possess a controlled substance in violation of the condition set forth in 18 U.S.C. § 3583(d), the Court shall revoke the term of supervised release/probation and require the offender to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under 18 U.S.C.§ 3583(e)(3).

10. Revocation of supervised release is mandatory if the Court finds that the offender refused to comply with drug testing. 18 U.S.C. § 3583(g)(3).

11. Since this offender failed a drug test, the Court shall consider whether the availability of appropriate substance abuse programs, or current or past participation in such programs warrants an exception from the requirement of mandatory revocation and imprisonment. 18 U.S.C. § 3583(d).

12. **Violation Computations-Policy Statements**: The U.S. Sentencing Commission has promulgated policy statements for the revocation of supervised release. The grade of the violation, together with the offender's criminal history category calculated at the time of the initial sentencing, fixes the applicable sentencing range. The offender's criminal history category at the original sentencing in Case No. 98-40053-001 was Category III. His criminal history at the original sentencing in Case No. 07-40023-001 was Category IV. U.S.S.G. § 7B1.4, comment.(n.1).

13. The U.S. Court of Appeals for the Seventh Circuit ruled in U.S. v. Reginald Doss, 79 F.3d 76 (7th Cir. 1996), that Chapter 7, Part B, of the sentencing guidelines contains policy statements which are not binding on the Court. Accordingly, the Court may impose a sentence above, within, or below the policy statement range.

14. **Grade of Violation:** Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the more serious grade. U.S.S.G. § 7B1.1(b).

15. The offender's conduct of escape from custody is calculated as a Grade B violation. Grade B violations involve conduct which constitutes a federal, state, or local offense punishable by

Re: ROLAND, Willie Earl

a term of imprisonment exceeding one year. U.S.S.G. § 7B1.1(a)(2).

16. Upon finding of a Grade B violation, the Court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1).

17. The offender's violation conduct involving the possession of marijuana, failing to submit monthly supervision report forms, failing to report to the probation office, failing to report for drug screening and failing to attend substance abuse treatment are calculated as Grade C violations. A Grade C violation involves conduct which constitutes a federal, state, or local offense punishable by a term of imprisonment of one year or less U.S.S.G. § 7B1.1(a)(3)(A); (or) is a violation of any other condition of supervision. U.S.S.G. § 7B1.1(a)(3)(B).

18. Upon a finding of a Grade C violation, the Court may revoke supervised release; or extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

19. **Case No. 98-40053-001: A Grade B violation and a criminal history category of III result in a policy statement custody range of 8 to 14 months.** U.S.S.G. § 7B1.4(a).

20. **Case No. 07-40023-001: A Grade B violation and a criminal history category of IV result in a policy statement custody range of 12 to 18 months.** U.S.S.G. § 7B1.4(a).

21. Any term of imprisonment imposed upon the revocation of supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the offender is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation. U.S.S.G. § 7B1.3(f).

22. Upon revocation of supervised release, no credit shall be given (toward any term of imprisonment ordered) for the time previously served on post-release supervision. U.S.S.G. § 7B1.5(b).

23. **Criminal Monetary Penalties**: Pursuant to U.S.S.G. § 7B1.3(d), any fine, special assessment, or restitution previously imposed in connection with the sentence for which revocation

6

Re: ROLAND, Willie Earl

is ordered that remains unpaid at the time of revocation shall be ordered to be paid in addition to the sanction determined under U.S.S.G. § 7B1.4 (Term of Imprisonment).

24. Offender Roland was ordered to pay a special assessment of $100 and a fine of $1,000 in Case No. 98-40053-001. The special assessment was paid on October 16, 2000. He has an outstanding balance of $625 on the fine. In Case No. 07-40023-001 offender Roland was ordered to pay a $100 special assessment. This has not been paid.

**PART C. PERSONAL HISTORY AND SUPERVISION ADJUSTMENT**

25. On April 10, 2006, offender Roland began serving both of his terms of supervised release. His term of supervised release was defined by unstable residences and substance abuse relapse. While on supervised release he lived sporadically with a girlfriend, his wife, and other friends who would allow him to do so. He has reported to the probation officer that he was "basically homeless" on a couple of occasions. He has been referred to substance abuse treatment but failed to participate. In order to accommodate offender Roland's work schedule, Riverside Substance Abuse Treatment Facility, Rock Island, Illinois, moved him into individual treatment sessions. Offender Roland failed to attend these sessions and was discharged from treatment. Offender Roland worked sporadically through temporary service agency. At one point a company wanted to make him a permanent employee. However, offender Roland, knowing he would fail the drug screening due to marijuana use, stopped reporting to the job.

26. During December 2006, offender Roland failed to submit to drug testing at Riverside, Rock Island, Illinois, as directed by U.S. Probation Officer Kerry Walsh. On December 29, 2006, Officer Walsh became aware that offender Roland's whereabouts were unknown and directed Riverside to stop calling offender Roland for urine screens until offender Roland could be located.

27. Offender Roland failed to attend required substance abuse treatment sessions from November 7 through November 17, and all of December 2006. On December 22, 2006, offender Roland was discharged from the Substance Abuse Treatment Program at Riverside, Rock Island, Illinois, due to non-attendance.

7

Re: ROLAND, Willie Earl

28. Offender Roland used and possessed marijuana as determined by Kroll Laboratory Specialists on about October 24, November 26, and December 6, 2006. On these dates urine screens were collected from the offender. The samples tested positive for the presence of marijuana.

29. By August 5, September 5, October 5, November 5, and December 5, 2006, and January 5, 2007, offender Roland failed to submit monthly supervision report forms to the U.S. Probation Office. Reports for August, September, October, and November were received on November 29, 2006. No reports since November 2006 have been submitted by the offender.

30. On May 5 and June 29, 2006, offender Roland failed to report to the U.S. Probation Office as directed by U.S. Probation Officer Michael Martens.

Respectfully submitted,

KERRY P. WALSH
U.S. Probation Officer

Reviewed and Approved:

DOUGLAS L. HEUERMANN
Deputy Chief U.S. Probation Officer

KPW/cg

# SENTENCING RECOMMENDATION

**United States District Court for the Central District of Illinois**
<u>United States v. Willie Earl Roland, Docket No. 98-40053-001</u>

GRADE OF VIOLATION:                              B
CRIMINAL HISTORY CATEGORY:                       III
ORIGINAL APPLICABLE GUIDELINE RANGE:             120 to 135 months

|  | Statutory Provisions | Policy Statement Provisions | Recommended Sentence |
|---|---|---|---|
| **CUSTODY:** | Up to 5 years | 8 to 14 months | 14 months |
| **SUPERVISED RELEASE:** | Up to life (minus any term of imprisonment imposed) | Up to life (minus any term of imprisonment imposed) | Not Recommended |
| **FINE:** | $625 | $625 | $625 |

<u>United States v. Willie Earl Roland, Docket No. 07-40023-001</u>

GRADE OF VIOLATION:                              B
CRIMINAL HISTORY CATEGORY:                       IV
ORIGINAL APPLICABLE GUIDELINE RANGE:             8 to 14 months

|  | Statutory Provisions | Policy Statement Provisions | Recommended Sentence |
|---|---|---|---|
| **CUSTODY:** | Up to 2 years | 12 to 18 months | 18 months |
| **SUPERVISED RELEASE:** | Up to 3 years (minus any term of imprisonment imposed) | Up to 3 years (minus any term of imprisonment imposed) | Not Recommended |
| **SPECIAL ASSESSMENT:** | $100 | $100 | $100 |

## Justification:

The probation office has extended offender Roland every opportunity to avail himself of much needed treatment. He was directed to

attend intensive outpatient treatment and individual treatment sessions but was discharged for non-attendance. His non-attendance was due largely to his continued use of marijuana. He has made no effort to comport to the most basic of conditions, such as submitting monthly report forms and reporting as directed. He has failed to keep in communication with the probation office precluding any ability to effectively supervise his case. He has consistently made decisions contrary to the directions of the probation officer.

He was offered an opportunity in this case to spend 120 days in a residential release center (RRC) as a sanction for his non-compliance. He was advised that this would provide an opportunity to get back into compliance and get things moving in a productive direction. Offender Roland responded to this opportunity by walking away from the RRC placement. This is the second time offender Roland has walked away from an RRC placement. He is currently serving a 3-year term of supervised release for that escape.

The bottom line in this case is that offender Roland is not at a point in his life where he is willing to take his responsibility or sobriety seriously. The recommended sentence is the maximum under the applicable sentencing provisions and guideline range. This sentence addresses the fact that the probation officer gave him more than reasonable opportunity to comply with the conditions of supervised release.

Offender Roland has shown he does not intend to comply with the conditions of supervised release as evidenced by his walking away from RRC placement again, his three positive marijuana tests in three months, and his extended period of non-compliance with substance abuse treatment and drug screening. I believe that imposition of a new term of supervised release would be an inappropriate use of the resources of the U.S. Probation Office. Accordingly, no new term of supervised release is recommended.

**<u>Recommendation</u>**

It is respectfully recommended that the sentence be imposed as follows:

Supervised Release/Probation is revoked. It is the judgment of this Court that the defendant, Willie Earl Roland, is hereby committed to the custody of the Bureau of Prisons for a term of 14 months in Case No. 98-40053-001 and to a term of 18 months in Case No. 07-40023-001. These terms of imprisonment are required to be served consecutively. The Court recommends to the Bureau of Prisons that offender Roland be afforded the opportunity to

Re: ROLAND, Willie Earl

participate in substance abuse and mental health treatment programs.

**Voluntary Surrender**

Offender Roland is currently detained on the violation warrant in this case. He is not considered an appropriate candidate for voluntary surrender.


Respectfully submitted,



KERRY P. WALSH
U.S. Probation Officer

REVIEWED AND APPROVED:


DOUGLAS L. HEUERMANN
Deputy Chief U.S. Probation Officer
Date: 03/19/07

KPW/cg